The opinion of the Court was delivered by
Wardlaw, J.
It may be true, that for all which followed the defendant’s expression to the Magistrate of his willingness that the plaintiff should be released, the plaintiff ought to' blame himself, or the Magistrate, rather than the defendant: but the previous arrest, if any was made, and it was procured by the defendant maliciously and without probable cause, may have sustained this action for malicious arrest.
From the want of probable cause, malice may, in actions of this kind, be inferred; but the inference may be rebutted by the plaintiff. So' that the question is, in the first instance, whether the defendant made his application to the Magistrate without any such ground of apprehension as would have influenced a reasonable man; and if so, then, upon the circumstances contained in the plaintiff’s proof and those adduced by the defendant, whether the application was made from such *207 motive, or whether the defendant was really, no matter how unreasonably, under apprehension of personal violence from the plaintiff.
The preventive justice, which a peace warrant is intended to effect, should not be discouraged; nor, on the other hand, should the injustice and oppression, which may be wrought by means of such a warrant, be unrestrained. To the careful exercise of a sound discretion in the Magistrate, both in the granting of the warrant and in further proceeding when the accused person has been brought before him, must we mainly look to maintain the efficiency of this wise process of the law, and to guard against it§ abuse. Where the Magistrate has been imposed upon, or has acted indiscreetly, damages according to the circumstances may, upon due proof, be recovered in an action such as this; but the judgment of the Magistrate, involved in every step taken by him, must be presumed correct, until some wrong of the defendant, by which judgment was misled, has been shewn.
In this case, upon a proper affidavit and a statement of the grounds of his apprehension, made by the defendant before a Magistrate, the warrant was granted; upon the accused persons being brought before him, the Magistrate issued a mittimus ; and upon the prisoners being formally brought before two Magistrates by habeas corpus, their recognizances were taken. To the general circumstances of the transaction, the plaintiff has, by his proof, added only his good character, and that not such as to render violence from him incredible. This Court agrees with the Circuit Judge, in holding that something more was required. It may be hard to prove that the defendant’s application to the Magistrate was not the result of real apprehension, but some declaration or conduct showing a sinister purpose, some evidence that the professed grounds of belief were unsubstantial and unreasonable, or some other direct or circumstantial proof that legal process was abused without pro *208 bable cause, and with malice, will hardly ever be wanting in a proper action of this kind.
It appears that the nonsuit was properly granted, and the motion is dismissed.
Q’Neall, Withers and Whitner, JJ., concurred.
Glover, J., concurred, but was absent at the delivery of the opinion.
Motion dismissed.